UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY ABATAYO,

                Plaintiff,

-against-

AGUSTIN TELLA ESQ.; BADRUZZAMA TAPADAR, an individual; JOHN DOE (fictitious names employees of Atty. Augustin Tella Legal Office),

                Defendants.

1:24-CV-0782 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jeffrey Abatayo, of Queens Village, Queens County, New York, filed this *pro se* action invoking the court's federal question jurisdiction. He states that the federal constitutional or federal statutory bases for his claims are: "[f]abrication of documents which defendant John Doe [and] [D]efendant Badruzzama Tapadar that there is a Marshal date to eviction even the trial didn't start[] and they may use[] this many times for New York City/Queens tenants its an abuse Atty. Augustin Tella t[h]reaten [Plaintiff] inside the court." [*sic*] (ECF 1, at 2.) Plaintiff sues: (1) Augustin Tella, Esq.; (2) Badruzzama Tapadar; and (3) "John Doe (fictitious names employees of Atty. Augustin Tella Legal Office)." For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

                                    **DISCUSSION**

    Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff does not specify where any of the defendants reside, though he does allege that all of their mailing addresses are in Queens County. (ECF 1, at 4.) Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).[1]

Even if this court is a proper venue for this action under Section 1391(b)(1), it is clear that the United States District Court for the Eastern District of New York is also a proper venue for this action under Section 1391(b)(2). This is because Plaintiff's claims appear to involve alleged attempts to evict Plaintiff from his Queens County apartment and either ongoing or anticipated proceedings before the Civil Court of the City of New York, Housing Part, Queens County, all within the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Plaintiff asserts that the underlying events allegedly occurred in Queens County, and that the property at issue and the defendants are located there, all in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 13, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4